

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CORY SPARKS,

                                  Plaintiff,

vs.

CASUAL MALE RETAIL GROUP, INC. and
CASUAL MALE XL,

                                Defendants.

**COMPLAINT**

Civil Action No. 10 CV 333-A

JURY TRIAL DEMANDED

Plaintiff, Cory Sparks, on behalf of himself and on behalf of all others similarly situated, by and through his attorneys, SMITH, SOVIK, KENDRICK & SUGNET, P.C., complaining of the defendant, allege as follows, as and for his complaint:

## PRELIMINARY STATEMENT

1. Plaintiff, a former employee of defendant Casual Male XL, brings this action seeking monetary damages and affirmative relief for wage violations, including denial of minimum wages pursuant to the Fair Labor Standard Act, 29 U.S.C. §206 (hereinafter "FLSA") and the New York Labor Law Articles 6 and 19 (hereinafter "NYLL").

## JURISDICTIONAL STATEMENT

2. The original subject matter jurisdiction of this Court is invoked for the named plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. The Court's pendant jurisdiction of the claim arising under NYLL is invoked under 28 U.S.C. §1367, because it arises from a common nucleus of operative

facts with the federal claim and is so related to the federal claim as to form part of the same case or controversy under Article III of the Constitution.

4. Defendant, Casual Male Retail Group, Inc., does business in the State of New York, within the Western District of New York, maintaining places of business at 1228-1230 Niagara Falls Boulevard, Tonawanda, New York 14150; 333 West Henrietta Road, Rochester, New York 14623; 1381 East Ridge Road, Irondequoit, New York 14621; and 2130 Walden Ave, Cheektowaga, New York 14225.

5. Accordingly, this action properly lies in the Western District of New York, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to these claims occurred in this judicial district.

## THE PARTIES

6. The plaintiff, Cory Sparks, is a resident of the County of Niagara, State of New York.

7. At all relevant times, plaintiff, Cory Sparks, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. §203(e), and NYLL §190(2).

8. That the plaintiff, Cory Sparks, was employed by the defendant, Casual Male XL, from in or about February 2009 until in or about May 2009.

9. Plaintiff, Cory Sparks, was employed by defendant, Casual Male XL, as a second assistant in an hourly wage capacity.

10. Upon information and belief, defendant, Casual Male Retail Group, Inc., was and still is a foreign business corporation organized and existing pursuant to the laws of Delaware.

11. Upon information and belief, defendant, Casual Male Retail Group, Inc.'s, principal place of business was and still is 555 Turnpike Street, Canton, Massachusetts 02021. Defendant is a business enterprise engaged in interstate commerce with stores located nationwide.

12. Upon information and belief, and at all times hereinafter mentioned, defendant, Casual Male Retail Group, Inc., was and still is engaged in the retail clothing business.

13. At all times hereinafter mentioned, defendant, Casual Male Retail Group, Inc., was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 USC 203(d), and New York State Labor Law 190(3).

14. Upon information and belief, the defendant, Casual Male XL, was and is a subsidiary of defendant, Casual Male Retail Group, Inc.

15. At all times hereinafter mentioned, defendant, Casual Male XL, was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 USC 203(d), and New York State Labor Law 190(3).

## FACTS

16. Plaintiff was employed by defendant Casual Male XL as a second assistant, an hourly employee, during the statutory period.

17. Defendants dictated, controlled, and ratified all related employee compensation policies for plaintiff and other hourly employees.

18. Plaintiff and other hourly employees were consistently required by management to clock out at the end of each work day and continue their duties. At the end of each work day, employees were required to travel to a bank to deposit the

proceeds collected during the day. Defendants failed to pay plaintiff or other hourly employees at the regular or statutory rate for the hours they worked subsequent to clocking out.

19. Defendants failed to keep any records of the time worked by plaintiff and other hourly employees subsequent to clocking out, in violation of NYLL, which requires employers to keep a record of hours actually worked each day and each work week by their employees.

20. Defendants knew and were aware at all times that plaintiff and other hourly employees worked after clocking out and were not paid for this work. In fact, it was the explicit and stated policy of defendants for plaintiff and other hourly employees to clock out and continue to work. Thus, defendants failed to pay plaintiff and other hourly employees the requisite minimum wage in violation of NYLL and FLSA.

21. Plaintiff and other employees were all subject to defendants' uniform policy and were victims of defendants' scheme to deprive them of a minimum wage. As a result of defendants' improper and willful failure to pay plaintiff and other employees in accordance with the requirements of NYLL and FLSA, plaintiff and other employees suffered lost wages and other damages.

## CLASS ACTION CLAIM

22. Plaintiff seeks to maintain the First Cause of Action as a class action, pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of himself individually and as the class representative on behalf of all others who, during the relevant statute of limitations period, worked for defendants and were denied minimum

wages or the full and proper payment of their wages and benefits in violation of NYLL Articles 6 and 19. .

23. Plaintiff seeks certification of the following class:

All individuals who were employed nationally by defendants, its subsidiaries or affiliated companies, as first assistants, second assistants, or sales associates at any time during the relevant statute of limitations period.

24. The above described class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable in that, upon information and belief, defendant Casual Male Retail Group, Inc. employs over 3,000 employees nationally. Their identities are presently unknown. The proposed class, however, can be identified and located using defendants' payroll and personnel records.

25. There are questions of law and fact common to the class that predominate over any questions affecting only individual members, including, but not limited to:

   a. Whether plaintiff and class members were paid the full and proper wages;

   b. Whether plaintiff and class members were paid the minimum wage;

   c. Whether defendants failed to pay plaintiff and class members a minimum wage for hours worked in violation of NYLL;

   d. Whether defendants failed to keep accurate records of plaintiff and class members' time worked in violation of NYLL;

   e. Whether defendants' failure to pay minimum wages has been willful;

    f. Whether plaintiff and class members have suffered damages and what the proper measure of those damages is; and

    g. Whether the defendants should be enjoined from such violations in the future.

26. Plaintiff and the other class members were subjected to defendants' policies, practices, procedures, and protocols alleged herein concerning the failure to pay minimum wage and failure to keep adequate records. Defendants' actions were and are in violation of NYLL Articles 6 and 19. Named plaintiff suffered similar injuries as those suffered by other members of the class he seeks to represent as a result of defendants' failure to pay minimum wages. Thus, the claims of the named plaintiff are typical of the claims of the above described class, in that the interests of the named plaintiff are co-extensive with the interests of the other members of the class.

27. There is a lack of adverse interests between the named plaintiff and the other members of the class. The named plaintiff will fairly and adequately protect the interests of said class. The named plaintiff is represented by attorneys who are competent in litigation and committed to prosecuting this action.

28. A class action is superior to other available methods for the fair and efficient adjudication of the class claims under NYLL Articles 6 and 19, because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation

would make it difficult for plaintiffs to bring individual claims against corporate defendants in federal court. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for defendants and/or substantially impair or impede the ability of class members to protect their interests.

29. Plaintiff intends to send notice to all members of the class to the extent required by Rule 23.

## COLLECTIVE ACTION CLAIM

30. Upon information and belief, there are hundreds of current and former employees nationally that are similarly situated to the plaintiff who have been denied minimum wage compensation.

31. The named plaintiff is representative of those other employees and is acting on behalf of the defendants' current and former employees' interests as well as his own interest in bringing this action.

32. Plaintiff seeks to proceed as a collective action with regard to the Second Cause of Action, pursuant to 29 U.S.C. §216(b), on behalf of himself and the following class of persons:

> All persons who give their consent, in writing, to become party plaintiffs and who are and have been employed by defendants at any time during the three years prior to the filing of their respective consent forms.

33. Similarly situated former and current employees are readily identifiable and locatable through use of the defendants' records. These similarly situated employees

should be notified of and allowed to opt-in to the action pursuant to 29 U.S.C. §216(b). Unless the Court promptly issues such a notice, persons similarly situated to the plaintiff who have been unlawfully deprived of minimum wages in violation of the FLSA will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by defendants.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE NAMED PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED FOR VIOLATIONS OF THE NEW YORK LABOR LAW ARTICLES 6 AND 19

34.  Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "33" of the Complaint, with the same force and effect, as if fully alleged herein.

35.  NYLL provides that an employee must be paid minimum wages for time worked.

36.  Plaintiff and the other members of the class are victims of a uniform compensation policy, as alleged above, promulgated by defendants that violates NYLL Articles 6 and 19.  This uniform policy has been applied to all members of the class and has deprived them of minimum wages.

37.  In the course of perpetrating these unlawful practices, defendants have willfully failed to keep accurate records of all hours worked by plaintiff and the other class members in violation of NYLL.

38.  Defendants willfully failed to pay plaintiffs the applicable minimum hourly wage. Defendants have not acted in good faith with respect to the conduct alleged herein.

39. As a result of the foregoing, the named plaintiff seeks judgment against the defendants on his own behalf and on behalf of all those similarly situated, granting declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of unpaid minimum wages and/or other wages owed by the defendants to the plaintiff and other class members, together with an award of costs, interest and attorney's fees, as provided for under the NYLL.

40. Plaintiff does not seek liquidated or punitive damages for his claims under NYLL.

### AS AND FOR A SECOND CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### FAILURE TO PAY MINIMUM WAGE

41. Plaintiff repeats and realleges each and every allegation contained in Paragraphs "1" through "40" of the Complaint, with the same force and effect, as if fully alleged herein.

42. At all times relevant to this action, plaintiff and all others similarly situated were defendants' employees within the meaning of 29 U.S.C. §203(e).

43. At all relevant times, defendants were the employer of plaintiff and all others similarly situated within the meaning of 29 U.S.C. §203(d).

44. At all relevant times, defendants were an enterprise engaged in commerce within the meaning of 29 U.S.C. §203.

45. At all relevant times, defendants were engaged in the production of goods for interstate commerce.

46. Upon information and belief, defendants produce an annual business volume of at least $500,000.00.

47. Defendants willfully failed to pay plaintiff and all others similarly situated the minimum wages for hours worked, in violation of FLSA, 29 U.S.C. §206(a).

48. In the course of perpetrating these unlawful practices, defendants have willfully failed to keep accurate records of all hours worked by plaintiff and the other class members in violation of 29 CFR Part 516.

49. Plaintiff seeks appropriate proceedings to have all other similarly situated persons notified of the pendency of this action and join this action as plaintiffs pursuant to 29 U.S.C. §216(b) by filing written consents to joinder with the Court.

50. As a consequence of the willful underpayment of wages, alleged above, the plaintiff and all others similarly situated have incurred damages thereby and the defendants are indebted to them in the amount of unpaid minimum wages, and/or other wages owed by the defendants to plaintiff and all others similarly situated, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorneys' fees, as provided by 29 U.S.C. §216(b) in an amount to be determined at trial.

## JURY DEMAND

51. Plaintiff herein demands a trial by jury for all issues in this action.

## PRAYER FOR RELIEF

Wherefore, the plaintiff, on his own behalf and on behalf of the class, prays for the following relief as follows on the First Cause of Action:

a. Certification of this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the class and appointment of the plaintiff as the

      class representative and his counsel to represent the class;

b. Judgment against defendants for an amount equal to the plaintiff and the class members' unpaid back wages at the applicable rate;

c. All costs and attorneys' fees incurred in prosecuting these claims; and

d. For further relief as this Court deems just and equitable.

e. The plaintiff does not seek liquidated damages on behalf of himself or the class members.

Wherefore, plaintiff, on his own behalf and on behalf of the collective, demands judgment against the defendants jointly and severally for the following relief on the Second Cause of Action:

a. Judgment against defendants for unpaid back wages at the applicable rate on behalf of plaintiff and all others similarly situated;

b. An equal amount to the wage damages as liquidated damages;

c. Punitive damages in an amount to be determined by the Court;

d. Judgment against defendants that their violations of the FLSA were willful;

e. To the extent liquidated damages are not awarded, an award of prejudgment interest;

f. All costs and attorneys' fee incurred prosecuting these claims; and

g. For such further relief as the Court deems just and equitable.

Dated: April 16, 2010

YOURS, ETC.,

SMITH, SOVIK, KENDRICK & SUGNET, P.C.

By: _____
Steven Ward Williams
Attorneys for Plaintiff
Office and P.O. Address
250 South Clinton Street, Suite 600
Syracuse, NY 13202-1252
Tel.: (315) 474-2911

TO: Casual Male Retail Group, Inc.
555 Turnpike Street
Canton, Massachusetts 02021