UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CORY SPARKS,                                          **REPORT AND**
                                                      **RECOMMENDATION**
                              Plaintiff,
                                                      10-CV-00333(A)(M)
v.

CASUAL MALE RETAIL GROUP, INC. and
CASUAL MALE XL,

                              Defendants.

_____

This case was referred to me by Hon. Richard J. Arcara to hear and report upon

dispositive motions [9].[1]  For the following reasons, I recommend that this case be dismissed

pursuant to Fed. R. Civ. P. ("Rule") 25(a)(1).


**BACKGROUND**

Plaintiff, a former employee of defendant Casual Male XL ("Casual Male"),

commenced this action in April 22, 2010, seeking damages on behalf of  himself and other

similarly situated employees of Casual Male for alleged wage violations under the Fair Labor

Standards Act and New York Labor Law. Complaint [1].  At a status conference on July 9, 2010

[17], counsel advised the court that plaintiff had died since the action was commenced.

By Text Order dated July 12, 2010 [18], I noted the fact of plaintiff's death and

scheduled a further status conference for August 5, 2010.  During that conference, plaintiff's

counsel stated that he would seek to substitute either another plaintiff or the decedent's estate,

_____

[1]      Bracketed references are to the CM/ECF docket entries.

and agreed to do so by August 20, 2010 [20]. He subsequently moved to extend that deadline [21], and I granted the motion [22]. During a conference on September 10, 2010 [24], he advised that the parties had agreed to settle the action, and were awaiting the appointment of an administrator of plaintiff's estate to effectuate the settlement. However, I told counsel during that conference that I would recommend dismissal of the action once the 90-day period under Rule 25(a)(1) had expired, and they agreed that it could be dismissed on that basis.

## ANALYSIS

Rule 25(a)(1) states that "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed".

The statement of death need not be filed by a party, nor need it identify the decedent's successor or legal representative. Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469, 470 (2d Cir. 1998). Therefore, my July 12, 2010 Text Order [18] is a "statement noting the death" of death for purposes of triggering Rule 25(a)(1).

Since more than 90 days have elapsed since that date and no motion for substitution has been filed, the individual claims of the decedent plaintiff should be dismissed.

As no motion for class certification was made prior to plaintiff's death, the dismissal is without prejudice to the right of other Casual Male employees to seek relief in another action.

## CONCLUSION

For these reasons, I recommend that this action be dismissed pursuant to Rule 25(a)(1). Unless otherwise ordered by Judge Arcara, any objections to this Report and Recommendation must be filed with the clerk of this court by October 29, 2010 (applying the time frames set forth in Rules (6)(a)(1)(C), 6(d), and 72(b)(2)). Any requests for extension of this deadline must be made to Judge Arcara. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules of Civil Procedure of the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." Failure to comply

with the provisions of Rule 72.3(a)(3) may result in the district judge's refusal to consider the objection.

**SO ORDERED.**

DATED:      October 12, 2010

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge